IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| CHRISTOPHER DAVIDSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. G-05-379 |
| § | |
| MONCLA MARINE OPERATIONS, LLC § | |
| and MONCLA MARINE, LLC § | |
| § | |
| Defendants. § | |

## ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE

This Jones Act case arises out of injuries sustained by Christopher Davidson ("Plaintiff") while employed by Moncla Marine LLC and working aboard the Moncla Rig 106. Now before the Court comes Defendants Moncla Marine Operations, LLC and Moncla Marine, LLC's (collectively "Defendants") Motion to Transfer Venue to the Western District of Louisiana, Lafayette/Opelousas Division. For the reasons stated below, Defendants' Motion is **GRANTED**, and this case is **TRANSFERRED** to the United States District Court for the Western District of Louisiana, Lafayette/Opelousas Division.

### I. Background

Plaintiff worked as a floorhand for Defendant Moncla Marine, LLC. Plaintiff allegedly suffered injuries to his back on June 5, 2005, while working aboard the Moncla Rig 106. At the time of the incident, that rig was located on Lake Boudreaux near Dulac, Louisiana, which is in the Eastern District of Louisiana. Plaintiff is a resident of New Iberia, Louisiana, which is located in the Western District of Louisiana.

## II. Legal Standard

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The movant bears the burden of demonstrating to the Court that it should transfer the case.  *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed.").  In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference.  *See, e.g.*, *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395–96 (S.D. Tex. 1992).  The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard.  *See Peteet*, 868 F.2d at 1436.

## III. Analysis

*A. Availability and Convenience of Witnesses*

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis. *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3851, at 415 (1986)).  To support a Motion to Transfer on this ground, the

movant must identify key witnesses and provide a brief outline of their testimony. *See id.* (citing *Dupre*, 810 F. Supp. at 825). "The convenience of one key witness may outweigh the convenience of numerous less important witnesses." *Id.*

Defendants argue that the availability and convenience of key witnesses would be increased by transfer to the Western District of Louisiana. To support this argument, Defendants have identified several key witnesses and provided brief outlines of their expected testimony. First, Defendants have identified Brent Maturin, a former employee of Defendant Moncla Marine, LLC, who was an eyewitness to the incident that gave rise to Plaintiff's injuries. Mr. Maturin resides in New Iberia, Louisiana, in the Western District of Louisiana. More importantly, Mr. Maturin is a *former* employee of Moncla Marine, LLC, and thus can no longer be compelled to testify. *See Lajaunie v. L & M Bo-Truc Rental, Inc.*, 261 F. Supp. 2d 751, 754 (S.D. Tex. 2003) (finding that defendants can compel the attendance at trial of their own employees so the availability and convenience of such potential witnesses is given less weight). Mr. Maturin was the only other person working closely with Plaintiff at the time of the incident giving rise to his injuries. Second, Defendants have identified Tommy Goss, who will dispute Plaintiff's allegations concerning the manning requirements allegedly provided during the safety meeting immediately prior to the tour on which the incident occurred. Mr. Goss is not employed by Defendant, and his attendance cannot be compelled at trial. He resides in Jonesboro, Louisiana, which is located in the Western District of Louisiana. Third, Defendants have identified Dr. Robert W. Davis, who was the first doctor to examine Plaintiff following the incident. Although Defendants expect that Dr. Davis will testify, he is not an expert witness that they have hired to testify and Defendants claim that he is not under their control. Dr. Davis resides in Houma, Louisiana, also located in the Western District of

Louisiana. Furthermore, Plaintiff and Defendants reside within the Western District of Louisiana, as do other fact witnesses.

Plaintiff responds that his current treating physicians as well as his economist reside in the Southern District of Texas. Plaintiff can compel his economist, who will provide expert testimony on damages, to attend trial. Plaintiff has not shown why it would not be able to compel his current treating physicians to attend trial.

Defendants have identified key witnesses whose availability and convenience will be greatly increased if this case were transferred to the Western District of Louisiana. This factor supports transfer.

*B. Cost of Obtaining the Attendance of Witnesses and Other Trial Expenses*

Parties to litigation face unavoidable costs in almost every case that goes to trial. *See Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1108 (S.D. Tex. 1997). Furthermore, it is "rare that the forum in which the case is litigated is the most convenient or least costly for all the parties involved." *Id.* In this case, Defendant has shown that nearly all of the witnesses reside in the Western District of Louisiana, far closer to Lafayette, Louisiana, than to Galveston, Texas. Furthermore, most of the relevant documents are located in Louisiana.

Plaintiff argues that it will be more expensive for it to litigate in Louisiana, primarily due to the increased expense of arranging for his treating physicians and economist to testify there. However, he appears to ignore the expense that he himself will incur in traveling to Galveston, as well as that of any fact witnesses that he may require, all of whom reside in Louisiana. It is reasonable to infer that litigating this dispute in Lafayette, Louisiana, as opposed to Galveston, Texas, will diminish trial costs. *See McGinnis v. Eli Lilly and Co.*, 181 F. Supp. 2d 684, 690 (S.D.

Tex. 2002); *Smirch v. Allied Shipyard, Inc.*, 164 F. Supp. 2d 903, 913 (S.D. Tex. 2001). This factor supports transfer.

C. Location of Books and Records

The location of books and records is generally of little importance in a personal injury case. Defendants have identified several groups of documents that are located in the Western District of Louisiana: the records of Dr. Davis, the initial treating physician; the records of Moncla Marine, LLC, Plaintiff's employer; and the records of E & P Consultants, LLC, Mr. Goss' employer. Plaintiff argues that due to advances in technology, the documents identified by Defendants are easily accessible by all parties even if this case were to remain in this Division. Defendants have not given the court any indication that the records in question are so voluminous that they will incur substantial cost in transporting them to this Court. *See LeBouef*, 20 F. Supp. 2d at 1060. This factor does not weigh for or against transfer.

D. Plaintiff's Choice of Forum

Plaintiff's choice of forum is generally entitled to great deference, but the choice of forum is entitled to less deference when the plaintiff does not live in the forum. *See, e.g.*, *Robertson*, 979 F. Supp. at 1109 (finding that a Mississippi plaintiff's choice of the Southern District of Texas was entitled to little or no deference where the case had no connection to the forum). Plaintiff is a resident of New Iberia, Louisiana. Other than the location of Plaintiff's treating physicians and expert economist, individuals that Plaintiff came into contact with after he incurred his injuries, this lawsuit has no connection to this Division or even the Southern District of Texas. Under the circumstances present in this case, Plaintiff's choice of forum is entitled to little or no deference. *See id.* This factor does not weigh for or against transfer.

E. Place of the Alleged Wrong

The place of the alleged wrong is one of the more important factors in venue determinations. *See Lemery v. Ford Motor Co.*, 244 F. Supp. 2d 720, 733 (S.D. Tex. 2002); *Robertson*, 979 F. Supp. at 1106. The alleged wrong took place on the Moncla Rig 106, which was located on Lake Boudreaux, near Dulac, Louisiana. Although Dulac is not located in the Western District of Louisiana, it is far closer to that District than it is to Galveston, Texas. Furthermore, the incident giving rise to this lawsuit occurred entirely within Louisiana, and it involved only Louisiana residents and Louisiana corporations. The residents of this Division have little, if any, interest in the outcome of this case. This factor supports transfer.

*F. Potential for Delay and Prejudice*

Any transfer will produce some delay, and as such, Plaintiff must show that a transfer at this stage of the proceedings would cause a significant or unusual delay. *See In Re: Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2002) ("[I]n rare and special circumstances a factor of 'delay' or 'prejudice' might be relevant in deciding the propriety of transfer, but only if such circumstances are established by clear and convincing evidence."). Defendants in this case sought transfer before a trial date was set. Since Defendants filed this Motion, the Court has set trial for July 17, 2006. Defendants argue that there is no clear and convincing evidence suggesting that transferring the case would cause significant delay or prejudice. Plaintiff argues that if this case is transferred, it will move to the "back of the line," but if it remains in this Court, the Parties will benefit form this Court's tendency to resolve cases promptly in comparison to other federal district courts. In addition, Plaintiff argues that in the wake of Hurricanes Katrina and Rita, and the havoc that those hurricanes have wrecked on the State of Louisiana, there is now a substantial backlog of cases in the Western District of Louisiana.

This Court is undoubtedly concerned with the impact that recent events have had on our sister courts in Louisiana. As a result of that concern, this Court contacted the Deputy Clerk-in-Charge for the Lafayette/Opelousas Division of the Western District of Louisiana, to inquire as to the state of affairs. The Deputy Clerk-in-Charge informed this Court that the judges in the Lafayette/Opelousas Division are not reporting any backlogs, and that the Lafayette/Opelousas Division is running at its normal pace and schedule. As a result, Plaintiff has failed to demonstrate that transfer at this stage of the proceedings would cause significant delay or prejudice. This factor supports transfer.

**IV. Conclusion**

After examining the relevant venue factors, coupled with the specific facts of this lawsuit, the Court concludes that Defendants have carried their burden of demonstrating that transferring this case to the Lafayette/Opelousas Division of the Western District of Louisiana would increase the convenience of all involved, and that transfer would be in the interests of justice. For these reasons, and those outlined above, Defendants' Motion to Transfer Venue is **GRANTED**, and it is **ORDERED** that this case be **TRANSFERRED** to the United States District Court for the Western District of Louisiana, Lafayette/Opelousas Division. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 10th day of November, 2005 at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge